STATE *ex rel. v.* ADCOCK *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed January 16, 1948.

JAMES M. BRADY, of Spencer, and C. E. HASTON and W. G. McDONOUGH, both of McMinnville, for appellants.

FRANK DAVENPORT and J. H HOBSON, both of McMinnville, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in the case of *State ex rel.* v. *Adcock et al.* was filed in the Chancery Court in accordance with the provisions of Code, sec. 1588 et seq., to sell lands in Warren County on which State and County taxes were delinquent for the year 1940. The petition from which the present appeal rises was filed by W. V. Whitson, as owner of one of the tracts of land sold under a decree in the *Adcock Case*, against Lester Doak, purchaser of the land at the delinquent tax sale. The sale was made on March 17, 1945, and the petition filed on February 19, 1947. The only purpose of the petition was to have declared and enforced Whitson's right to redeem the land and to support the petition he tendered into Court the amount paid by Doak at the tax sale. After a hearing on bill and answer, the Chancellor granted the prayer of the petition and decreed the redemption. The respondent excepted to the decree and perfected this appeal.

The petition alleges that Whitson is the owner in fee simple of the following tract of land: ''300 Acres in the 8th civil district (Warren County) assessed to J. G. Shelton, bounded on the north by Hughes; east by Rogers; south by Etter; and west by Myers.''

That said tract of land was sold for delinquent taxes to Lester Doak, and that the petition was filed within the time allowed for redemption, Code, sec. 1591. The respondent Doak filed an answer in which he admitted that petitioner claimed the said described land and the land sold at the tax sale, but averred that he (Doak) was the real owner of said land claiming it under a chain of title

superior to that under which the petitioner claimed. The respondent Doak did not file his answer as a cross-bill, nor did he seek any affirmative relief.

As it is supported by the allegations of the bill, we think the stipulation of fact filed for our consideration on this appeal, justified the relief granted by the Chancellor. The pertinent part of said stipulation is as follows: "1st. That an original bill was filed in the Chancery Court of Warren County, Tennessee, in the above styled cause for the collection of the delinquent tax, state and county, for the year 1940, against all delinquents including one J. G. Shelton, and that therein the delinquent tax, interest, penalties, etc., were assessed against the tract of land described in Section One of the petition of W. V. Whitson, to-wit, 300 acres; that a sale was prayed and *pro confesso* taken, and decree of sale was ordered, all as set out in the petition of W. V. Whitson. That said lands were sold by the Clerk and Master, report of sale was filed, and sale was confirmed, by decree of the Court to Lester Doak, all as set out in said petition."

As stated, the Chancellor heard the case on bill and answer. There was before him only the prayer of the petition seeking affirmative relief, but that relief was limited to the declaration and enforcement of Whitson's right to redeem the property. His equity of redemption had about a month to run. With the pleadings in that shape the Chancellor was clearly correct in pretermitting all question of title and in limiting his decree to consideration of the prayers of the petition. He expressly reserved determination of the actual ownership of the tract of land in the decree, where, after declaring Whitson's right to redeem, and providing the conditions for such redemption, the decree provides "such payments and the redemption allowed above are to be without prejudice to the

right and title of the real owner of said land." This adjudication does no more than save to Whitson the right to redeem, which would have been lost by lapse of time, and the parties are free to have the title determined as provided by law.

The assignment of error is overruled and the decree of the Chancellor is affirmed.

All concur.